UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
BASIL VALENTINE JOHNSON,

                                  Petitioner,                    **<u>ORDER</u>**
                                                                12-CV-5504 (**FILED**

                                                                IN CLERK'S OFFICE
            -against-                                          U S DISTRICT COURT E D N Y

UNITED STATES OF AMERICA,                                        ★   NOV 2 0 2012   ★

                                  Respondent.                   **LONG ISLAND OFFICE**
--------------------------------------------------------------X
FEUERSTEIN, District Judge:

        Petitioner Basil Valentine Johnson ("petitioner"), appearing <u>pro se</u>, seeks a writ of habeas corpus

(the "petition") pursuant to 28 U.S.C. § 2255 ("section 2255"). Pursuant to Rule 4 of the Rules

Governing Section 2254 Cases, the Court has conducted an initial consideration of the petition and, for

the reasons set forth below, has determined that the petition appears to be time-barred by the one year

statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The

Court directs petitioner to show cause within thirty (30) days of the entry of this Order why the petition

should not be dismissed as time-barred.

I.      Background

        Petitioner, an alien who had previously been deported from the United States after a

conviction for the commission of an aggravated felony, pled guilty on July 7, 2010 before the

undersigned to one count of re-entry to the United States without the permission of the Secretary of

the United States Department of Homeland Security, in violation of 8 U.S.C. §§ 1326(a) and

1326(b)(2). Petitioner was sentenced on February 1, 2011 to thirty-seven (37) months imprisonment

with three (3) years of supervised release upon his release from imprisonment. Judgment was

entered on February 4, 2011. Petition at ¶ 1; <u>see also</u> Docket Entry Nos. 3, 7, 16, 17, <u>United States</u>

<u>v. Johnson</u>, No. 10-CR-363 (E.D.N.Y. 2011).

Petitioner alleges that he never appealed his conviction or sentence, petition at ¶ 12, and instead filed the instant petition on October 26, 2012.

Discussion

A one-year statute of limitations applies for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a federal court conviction. 28 U.S.C. § 2255(f). The one-year period runs from the date on which one of the following four events occurs, whichever is latest:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). Accordingly, given that the petition was filed one (1) year and seven (7) months after his judgment of conviction became final on February 4, 2011, the instant petition appears untimely. In order to be timely, this petition should have been filed on or before February 4, 2012. Instead, this petition was filed on October 26, 2012, well-after the one year limitations period had already expired. Therefore, unless the petitioner can show that the statute of limitations period should be tolled, the petition is barred by 28 U.S.C. § 2255(f) as untimely.

The limitations period may be equitably tolled if petitioner can demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 130 S.Ct. 2549, 2562 (2010). Given petitioner's

2

pro se status, he is afforded an opportunity to demonstrate whether equitable tolling should apply to this petition.

## Conclusion

Accordingly, the Court directs petitioner to show cause by written affirmation, within thirty (30) days from entry of this Order, why the petition should not be dismissed as time-barred by the one-year statute of limitations applicable to his section 2255 motion. Day v. McDonough, 547 U.S. 198, 209 (2006); Acosta v. Artuz, 221 F.3d 117, 124 (2d Cir. 2000). Petitioner should present any facts which support equitable tolling of the period of limitations.

No response or answer shall be required at this time from respondent and all further proceedings shall be stayed for thirty (30) days or until petitioner has complied with this Order. If petitioner fails to comply with this Order within the time allowed, the instant petition shall be dismissed with prejudice as time-barred under 28 U.S.C. § 2255(f).


SO ORDERED.

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge


Dated: November 20, 2012
        Central Islip, New York

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————————X

BASIL VALENTINE JOHNSON

                Petitioner,

   -against-

UNITED STATES OF AMERICA,

                Respondent.

———————————————————————X

**PETITIONER'S
AFFIRMATION**

**12-CV-5504 (SJF)**


      BASIL JOHNSON VALENTINE, appearing pro se, makes the following affirmation under
the penalties of perjury: I am the petitioner in this action and I respectfully submit this affirmation in
response to the Court's Order dated _____. The instant petition should not be time-barred
by the one-year period of limitation because:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

In view of the foregoing, it is respectfully submitted that the instant Petition should be permitted to proceed.

DATED: _____          _____

Signature & Identification Number


_____

Address


_____


_____

City, State & Zip Code